YOUR QUESTION ASKS, IN EFFECT, WHETHER THE PRISON POPULATION MANAGEMENT ACT OF 1993, 57 O.S. 610 AND 57 O.S. 611, IS AN UNCONSTITUTIONAL ENCROACHMENT UPON THE AUTHORITY OF THE STATE PARDON AND PAROLE BOARD UNDER ARTICLE VI, SECTION 10
OF THE OKLAHOMA CONSTITUTION. THE ACT ESTABLISHES THE SPECIALIZED SUPERVISION PROGRAM ADMINISTERED BY THE OKLAHOMA DEPARTMENT OF CORRECTIONS. SINCE YOU ARE ASKING ABOUT THE CONSTITUTIONALITY OF A STATUTE, AND IN LIGHT OF OUR CONCLUSION, YOUR REQUEST IS BEING ANSWERED INFORMALLY. YORK V. TURPEN, 681 P.2D 763 (OKL. 1984).
THE PARDON AND PAROLE BOARD WAS CREATED AND EMPOWERED UNDER ARTICLE VI, SECTION 10 OF THE OKLAHOMA CONSTITUTION:
 "IT SHALL BE THE DUTY OF THE BOARD TO MAKE AN IMPARTIAL INVESTIGATION AND STUDY OF APPLICANTS FOR COMMUTATIONS, PARDONS OR PAROLES, AND BY MAJORITY VOTE MAKE ITS RECOMMENDATIONS TO THE GOVERNOR OF ALL DEEMED WORTHY OF CLEMENCY."
ARTICLE VI, SECTION 10 ALSO SETS OUT THE AUTHORITY OF THE GOVERNOR:
 "THE GOVERNOR SHALL HAVE THE POWER TO GRANT, AFTER CONVICTION AND AFTER FAVORABLE RECOMMENDATION BY A MAJORITY VOTE OF SAID BOARD, COMMUTATIONS, PARDONS AND PAROLES FOR ALL OFFENSES EXCEPT CASES OF IMPEACHMENT, UPON SUCH CONDITIONS AND WITH SUCH RESTRICTIONS AND LIMITATIONS AS HE MAY DEEM PROPER, SUBJECT TO SUCH REGULATIONS AS MAY BE PRESCRIBED BY LAW."
THE PRISON POPULATION MANAGEMENT ACT OF 1993 PROVIDES A MECHANISM WHEREBY OFFENDERS MAY BE PLACED IN A SPECIALIZED SUPERVISION PROGRAM WHEN THE POPULATION OF THE PRISON SYSTEM EXCEEDS 97.5% OF THE AUTHORIZED CAPACITY. THE SPECIALIZED SUPERVISION PROGRAM "SHALL REQUIRE ACTIVE SUPERVISION OF THE INMATE IN A COMMUNITY SETTING BY A CORRECTIONAL OFFICER OR OTHER EMPLOYEE OF THE DEPARTMENT OF CORRECTIONS UNDER SUCH RULES, REGULATIONS AND PROCEDURES AS MAY BE ESTABLISHED PURSUANT TO THIS ACT." 57 O.S. 611(E) (1993). THE ACT SETS CERTAIN PARAMETERS UNDER WHICH OFFENDERS MAY BECOME ELIGIBLE FOR THE PROGRAM AND THE DURATION OF ANY PARTICIPATION IN THE PROGRAM. THE ACT DETAILS CONDITIONS WHERE OFFENDERS MAY BE REMOVED FROM THE PROGRAM.
ONE SPECIFIC CONDITION FOR REMOVAL FROM THE PROGRAM IS THE GRANTING OF PAROLE BY THE GOVERNOR PURSUANT TO THE GENERAL PAROLE STATUTE, 57 O.S. 332.7 (1993). BY ITS TERMS THEN, PLACEMENT ON THE SPECIALIZED SUPERVISION PROGRAM IS A PROGRAM SEPARATE AND DISTINCT FROM PAROLE. THE COURT OF CRIMINAL APPEALS HAS STATED THAT "IN OKLAHOMA, THE DISCRETIONARY POWER TO DISCHARGE AN OFFENDER WHO IS OTHERWISE UNDER A LAWFUL SENTENCE RESTS EXCLUSIVELY WITH THE GOVERNOR . . . ANY STATUTE ATTEMPTING TO PLACE THIS POWER IN THE HANDS OF ANOTHER BRANCH OF GOVERNMENT IS UNCONSTITUTIONAL." SWART V. STATE, 720 P.2D 1265, 1270 (OKL.CR. 1986). "(T)HE DISCRETIONARY DISCHARGE OF A SENTENCE IS A MATTER SOLELY FOR THE GOVERNOR, UPON RECOMMENDATION FROM THE PARDON AND PAROLE BOARD." ID., AT 1271. THE LEGISLATURE MAY NOT GIVE AUTHORITY FOR CONDITIONAL RELEASES TO THE DEPARTMENT OF CORRECTIONS. IN RE KEITH, 482 P.2D 942 (OKL.CR. 1971).
UNDER THE PRISON POPULATION MANAGEMENT ACT OF 1993 NO LANGUAGE IS FOUND THAT AUTHORIZES THE DEPARTMENT OF CORRECTIONS TO GRANT CONDITIONAL RELEASES OR CONDITIONAL DISCHARGES TO OFFENDERS. THE ACT ALLOWS THE PLACEMENT OF OFFENDERS IN A PROGRAM WITH "ACTIVE SUPERVISION OF THE INMATE IN A COMMUNITY SETTING" AND NOTHING MORE.
REVIEW OF THE OTHER SECTIONS PASSED IN THE SAME BILL CREATING THE PRISON POPULATION MANAGEMENT ACT OF 1993 DEMONSTRATE THAT THE LEGISLATURE INTENDED THAT THE DEPARTMENT OF CORRECTIONS RETAIN CUSTODY OF OFFENDERS SUBJECTED TO THE SPECIALIZED SUPERVISION PROGRAM. IN 2 OF SENATE BILL 565 THE LANGUAGE IN TITLE 57 O.S. 332.7(A) (1992) A WAS AMENDED TO READ: "UPON COMPLETION OF ONE THIRD OF THE SENTENCE OF ANY PERSON CONFINED IN A PENAL INSTITUTION IN THE STATE CUSTODY OF THE DEPARTMENT OF CORRECTIONS, SUCH PERSON SHALL BE ELIGIBLE FOR CONSIDERATION FOR A PAROLE. . . ."
LANGUAGE IN 2 WAS ALSO CHANGED FROM THE USE OF THE TERMINOLOGY "CONFINED" TO THE LESS RESTRICTIVE TERMINOLOGY "ASSIGNED" WHEN REFERRING TO PLACEMENT OF AN OFFENDER WITHIN THE CUSTODY OF THE DEPARTMENT OF CORRECTIONS. IN 3 THE LEGISLATURE SPECIFICALLY REQUIRED THAT OFFENDERS, WHEN SENTENCED AND PLACED IN THE CUSTODY OF THE DEPARTMENT OF CORRECTIONS, SHALL BE CLASSIFIED AND ASSIGNED TO "A CORRECTIONAL FACILITY, THE SPECIALIZED SUPERVISION PROGRAM PURSUANT TO 4 AND 5 OF THIS ACT, OR TO ANOTHER PROGRAM DESIGNED BY THE DEPARTMENT AND AUTHORIZED BY LAW." IT IS PARTICULARLY CLEAR WHEN READING THE ENTIRE SENATE BILL 565 THAT THE LEGISLATURE INTENDED TO AUTHORIZE THE DEPARTMENT OF CORRECTIONS TO REACT TO PRISON OVERCROWDING WITH THE IMPLEMENTATION OF A CUSTODIAL PROGRAM THAT AUTHORIZED THE DEPARTMENT OF CORRECTIONS TO RETAIN SUPERVISION OVER CERTAIN OFFENDERS AT A LOCATION OTHER THAN BEHIND PRISON WALLS. THERE IS NOTHING IN THE ACT INDICATING THAT OFFENDERS ACCEPTED FOR THE SPECIALIZED SUPERVISION PROGRAM ARE TO BE CONDITIONALLY RELEASED OR CONDITIONALLY DISCHARGED FROM THE JUDGMENT AND SENTENCE THAT FIRST PLACED THE OFFENDER UNDER CONTROL OF THE DEPARTMENT OF CORRECTIONS, AS WOULD BE THE CASE UNDER PAROLE.
WHEN EVALUATING TO THE CONSTITUTIONALITY OF AN ACT OF THE LEGISLATURE WE ARE INSTRUCTED BY THE SUPREME COURT OF OKLAHOMA:
 IF THERE IS ANY DOUBT AS TO THE LEGISLATURES' POWER TO ACT IN ANY GIVEN SITUATION, THE DOUBT SHOULD BE RESOLVED IN FAVOR OF THE VALIDITY OF THE ACTION TAKEN BY THE LEGISLATURE. RESTRICTIONS AND LIMITATIONS UPON LEGISLATIVE POWER ARE TO BE CONSTRUED STRICTLY, AND ARE NOT TO BE EXTENDED TO INCLUDE MATTERS NOT COVERED OR IMPLIED BY THE LANGUAGE USED."
DRAPER V. STATE, 621 P.2D 1142, 1146 (OKL. 1980).
FURTHER, WE ARE INSTRUCTED:
 "IT IS A WIDELY RECOGNIZED RULE THAT IN A TRIPARTITE SYSTEM OF GOVERNMENT, COURTS HAVE NOTHING TO DO WITH THE WISDOM, POLICY OR EXPEDIENCY OF A LEGISLATIVE ENACTMENT. THESE MATTERS ARE PURELY THE SUBJECT OF LEGISLATIVE DELIBERATION AND COGNIZANCE. COURTS DO NOT SUBSTITUTE THEIR SOCIAL AND ECONOMIC BELIEFS CONCERNING THE WISDOM, NEED OR APPROPRIATENESS OF LEGISLATION IN THE PLACE OF THE CONSIDERED JUDGMENT OF A LEGISLATIVE BODY."
APPLICATION OF OKLAHOMA TURNPIKE AUTHORITY, 770 P.2D 16, 20 (OKL. 1989).
THE RESTRICTIONS UNDER ARTICLE VI, SECTION 10 ON THE AUTHORITY OF THE LEGISLATURE IS LIMITED TO A PROHIBITION AGAINST THE GRANT OF CLEMENCY FROM THE SENTENCE ENTERED AGAINST THE OFFENDER. THERE IS NOTHING THAT EVIDENCES THAT THE LEGISLATURE MUST REQUIRE THE HOUSING OR CONFINEMENT OF OFFENDERS ONLY BEHIND PRISON WALLS.
THE OKLAHOMA COURT OF CRIMINAL APPEALS HAS PREVIOUSLY REVIEWED AN EARLIER PROGRAM, WHICH WAS CREATED TO ALLEVIATE PRISON OVERCROWDING, THE PREPAROLE CONDITIONAL SUPERVISION PROGRAM (PPCS), 57 O.S. 365 (1991). THE PPCS PROGRAM REQUIRED THAT THE DEPARTMENT OF CORRECTIONS AND THE PARDON AND PAROLE BOARD TO IMPLEMENT A PREPAROLE CONDITIONAL SUPERVISION PROGRAM TO REMEDY OVERCROWDING ONCE THE CAPACITY REACHED 92.5%. THIS PROGRAM ALSO ALLOWED OFFENDERS TO "LIVE OUTSIDE INSTITUTIONAL FACILITIES." BARNETT V. MOON, 852 P.2D 161, 163 (OKL.CR. 1993). THE COURT WAS ASKED TO DETERMINE THE RIGHTS OF OFFENDERS WHO WERE FIRST PLACED ON THE PROGRAM THEN REMOVED FOR MISBEHAVIOR AND RETURNED TO A PRISON FACILITY. IF OFFENDERS WERE CONSIDERED TO BE IN PAROLE STATUS, THEN THEY WOULD HAVE BEEN ENTITLED TO A HEIGHTENED LEVEL OF DUE PROCESS BEFORE THEIR RETURN TO MORE RESTRICTIVE CUSTODY. SEE MORRISSEY V. BREWER, 408 U.S. 471,92 S.CT. 2593, 33 L.ED.2D 484 (1972). THE COURT AFTER REVIEWING THE PPCS PROGRAM DECLINED TO REQUIRE THE HIGHER LEVEL OF DUE PROCESS, CONCLUDING THAT OFFENDERS WERE NOT ON PAROLE STATUS MERELY BY PLACEMENT IN A COMMUNITY SETTING. THE COURT STATED THAT "THE DEGREE OF CONFINEMENT IS OF NO CONCERN TO THIS COURT, SO LONG AS AN ADMINISTRATIVE PROCEDURE AFFORDS A METHOD BY WHICH THE DECISION TO CHANGE THE DEGREE OF CONFINEMENT CAN BE JUSTIFIED." BARNETT AT 164. THE COURT'S ANALYSIS NECESSARILY GAVE GREAT DEFERENCE TO THE LEGISLATIVE CHARACTERIZATION OF THE "DEGREE OF CONFINEMENT."
SIMILARLY, IN ANSWERING YOUR QUESTION, WE WOULD ANTICIPATE THAT A REVIEWING COURT WOULD ANALYZE WHETHER THE ACT CREATED A CONDITIONAL RELEASE OR CONDITIONAL DISCHARGE FROM THE JUDGMENT AND SENTENCE OF OFFENDERS WHO BECAME SUBJECT TO THE SPECIALIZED SUPERVISION PROGRAM. WE BELIEVE THE COURT WOULD FIND THAT AN ADMINISTRATIVE CHANGE IN THE DEGREE OF CONFINEMENT BY PLACEMENT IN A COMMUNITY SETTING DOES NOT INFRINGE UPON THE CONSTITUTIONAL AUTHORITY OF THE GOVERNOR, WITH THE RECOMMENDATION OF THE PARDON AND PAROLE BOARD, TO GRANT-CLEMENCY.
IT IS THEREFORE THE OPINION OF THE UNDERSIGNED THAT A COURT OF PROPER JURISDICTION WOULD FIND THAT THE PRISON POPULATION MANAGEMENT ACT OF 1993, AND CODIFIED AT 57 O.S. 610 AND 57 O.S. 611 (1993), WHICH AUTHORIZES THE DEPARTMENT OF CORRECTIONS TO ADJUST THE DEGREE OF CONFINEMENT OF OFFENDERS UNDER THEIR JURISDICTION WHEN THE PRISON POPULATION EXCEEDS 97.5% OF AUTHORIZED CAPACITY, DOES NOT VIOLATE ARTICLE VI, SECTION 10 OF THE OKLAHOMA CONSTITUTION. THE ACT DOES NOT, AS A MATTER OF LAW, INFRINGE UPON THE AUTHORITY OF THE GOVERNOR, WITH APPROVAL OF THE PARDON AND PAROLE BOARD, TO GRANT COMMUTATIONS, PARDONS OR PAROLES.
THE OPINIONS EXPRESSED HEREIN ARE THOSE OF THE UNDERSIGNED AND DO NOT CONSTITUTE AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. WHETHER IN ITS APPLICATION THE SPECIALIZED SUPERVISION PROGRAM, AS ADMINISTERED BY THE DEPARTMENT OF CORRECTIONS, OPERATES FUNCTIONALLY AS PAROLE INVOLVES THE DETERMINATION OF FACTUAL ISSUES WHICH ARE BEYOND THE SCOPE OF THIS OFFICE.
(GUY L. HURST)